UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| PRESIDENT CASINOS, INC. et al., | ) |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| OFFICIAL UNSECURED | ) |
| CREDITORS' COMMITTEE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:05CV2289 HEA |
| | ) |
| LAND CLEARANCE FOR | ) |
| REDEVELOPMENT AGENCY | ) |
| FOR THE CITY OF ST. LOUIS, | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Intervener Defendant Pinnacle Entertainment, Inc.'s Motion for Leave to Appeal Order Denying Motion for Preliminary Injunction on Count I, Order Granting Motion for Preliminary Injunction on Count II, and Order Fixing Bond, [Doc. # 1]. Land Clearance for Redevelopment Authority for City of St. Louis has filed a motion for joinder in Pinnacle's Motion. [Doc. # 4]. Debtor and the Official Unsecured Creditors' Committee oppose the

Motion.  For the reasons set forth below, the Motion is denied, and this appeal is dismissed.

**Factual Background[1]**

On November 11, 2005, Chief Bankruptcy Judge James J. Barta entered the Order which is the subject of this motion.  The Order granted a preliminary injunction enjoining the Land Clearance for Redevelopment Authority's condemnation action against certain property in the Circuit Court for the City of St. Louis.  Pinnacle believes the Order is a final order subject to immediate appeal under 28 U.S.C. § 158, but alternatively seeks leave to appeal if it is not.

The debtors and the Official Unsecured Creditors' Committee filed a complaint styled Verified Complaint for Declaratory Judgment and for Injunctive Relief in the Bankruptcy Court.  The complaint seeks to enjoin the Land Clearance for Redevelopment Authority's (LCRA) condemnation proceeding on property[2] located across the street from debtors' casino.  The property is currently used as a surface parking lot.  Debtors and the operator of the parking lot have an arrangement whereby debtors' customers are allowed to park on the lot, obtain a validation from

---

[1] The recitation of facts is taken from the Bankruptcy Court Order of June 28, 2005 and the parties' briefs.

[2] This property is owned by Wimar Tahoe Corporation and is known as the Cherrick Lot.

debtors, and debtors pay the parking lot operator $1.50 per vehicle. This arrangement is non-exclusive to debtors' customers. Debtors Count I of the complaint seeks a declaration that the condemnation action is subject to the automatic stay provisions of 11 U.S.C. § 362. Count II seeks to enjoin LCRA from pursuing the condemnation action pursuant to 11 U.S.C. § 105. Plaintiffs filed two motions: a motion for preliminary injunction on Count I and a motion for preliminary injunction on Count II in the Bankruptcy Court. Judge Barta heard argument on November 9, 2005 and entered the subject Order on November 10, 2005.

Specifically, Judge Barta's November 10, 2005 Order found that Section 362 of Title 11 did not operate with respect to the condemnation action. The Order further found that the public interest in maintaining the *status quo* would be served if the preliminary injunction were to issue; that the debtor[3] would suffer irreparable harm if the condemnation action were allowed to proceed at the time of entry of the Order because the loss of the Cherrick Lot would have a serious detrimental effect on the debtor's attempt to effect a reorganization; the potential harm to the debtor if the condemnation action would go forward was greater than any harm to the City if the condemnation action was delayed; and the plaintiff had shown a likelihood of success on the merits in that they had shown a reasonable possibility of a successful

---

[3] Judge Barta's Order refers to the "Debtor" in the singular.

reorganization in the bankruptcy proceedings if the condemnation action were stayed. Judge Barta denied a preliminary injunction with respect to Count I and granted a preliminary injunction with respect to Count II. He also set a hearing for January 9, 2006 to consider whether the injunction should be continued or otherwise modified. A review of the docket sheet in this matter reveals that the hearing has been continued until February 3, 2006.

## Discussion

Section 158 of Title 28 provides that district courts shall have jurisdiction to hear appeals from final judgments, orders, and decrees. It further provides that district courts have jurisdiction to hear appeals from interlocutory orders and decrees with leave of court. Pinnacle and LCRA argue that Judge Barta's Order is a final order because it was an injunction under 11 U.S.C. § 105(a) extending the automatic stay, *U.S. v. ML Barge Pool VII Partners-Series A (In re ML Barge Pool VII Partners-Series A)*, 98 B.R. 957, 958 (E.D. Mo. 1989). Reliance on *ML Barge Pool*, however, is misplaced. Judge Barta's Order clearly and unequivocally found that the automatic stay did not apply to the subject property. Thus, the injunction that was issued cannot be construed as an <u>extension</u> of the automatic stay, if the stay does not apply.

The Court, therefore must determine whether the injunction issued on Count

II was a final order or whether, if not, leave to appeal should be granted.  The Court finds that the Order is not a final order.  Finality for bankruptcy purposes is a complex subject and courts deciding whether an order is appealable must take into account the peculiar needs of the bankruptcy process.  *In re Koch*, 109 F.3d 1285, 1287 (8th Cir. 1997).  "'[A]n order entered before the conclusion of a complex bankruptcy case is not appealable under § 158(d) unless it finally resolves a discrete segment of that proceeding.'  *In re Woods Farmers Coop. Elev. Co.*, 983 F.2d 125, 127 (8th Cir. 1993)."  *In re Farmland Industries, Inc.*, 397 F.3d 647, 650 (8th Cir. 2005).  To determine the finality of an order in a bankruptcy proceeding, the court considers "the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding."  *In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir. 1989); See also *In re Koch* 109 F.3d at 1287.

Applying these standards, the Court finds that the preliminary injunction entered on Count II is not a final order.  It requires the bankruptcy court to once again consider whether the injunction should be extended or further modified; delay in review will not prevent the aggrieved party from obtaining effective relief--the parties can appeal once it becomes final for a determination as to the propriety of the

entry of the injunction; and a later reversal will not require a recommencement of the entire proceeding. The Order, therefore is interlocutory, not final.

When deciding whether to grant leave to appeal an interlocutory order, it is helpful to apply the standards that govern certification of interlocutory appeals to the circuit courts. *Moix-McNutt v. Coop (In re Moix-McNutt)*, 215 B.R. 405, 408-09 (8th Cir. BAP 1997). Under 28 U.S.C. § 1292(b) appellate courts "have jurisdiction over interlocutory appeals when the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* at 409 n. 6.

With respect to Judge Barta's Order, the Court finds that the motions for leave to appeal should be denied. Considering that Judge Barta has scheduled a hearing to determine whether the injunction should be continued or modified, it is clear that the current appeal will not materially advance the ultimate termination of the litigation, rather, it would serve to delay a final resolution of the underlying case before the Bankruptcy Court. As such, this Court believes that entertaining the appeal would unnecessarily prolong the litigation pending in the Bankruptcy Court.

## Conclusion

Based upon the foregoing, there is no compelling reasons for this interlocutory

appeal.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Leave to File Appeal, [Doc. #'s 1 and 4], are denied and this appeal is dismissed.

Dated this 23rd day of January, 2006.

_____
      HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE